

# Exhibit A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-900764.00 |
|---|---|---|

BCR

MAR 19 2012
RECEIVED

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
ALLEN HUGHES V. BUREAU OF COLLECTION RECOVERY, LLC

NOTICE TO: BUREAU OF COLLECTION RECOVERY, LLC, C/O JEFFREY DEBATES 7575 CORPORATE WAY, EDEN PRAIRIE, MN 55344

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☒ Service by certified mail of this summons is initiated upon the written request of   ALLEN HUGHES
   pursuant to the Alabama Rules of the Civil Procedure

| 3/9/2012 11:40:17 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☒ Certified mail is hereby requested     /s JOHN GRIFFIN WATTS

   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____

Date          Server's Signature

State of Alabama
Unified Judicial System

Form ARCIv-93  Rev.5/99

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
### (Not For Domestic Relations Cases)

Case Number: 01-CV-2012-

3/9/2012 11:40 AM
CV-2012-900764.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

Date of Filing:
03/09/2012

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ALLEN HUGHES v. BUREAU OF COLLECTION RECOVERY, LLC

**First Plaintiff:**  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:**  ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FAIR DEBT COLLECTION I

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056   3/9/2012 11:35:02 AM   /s/ JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

3/9/2012 11:40 AM
CV-2012-900764.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ALLEN HUGHES, an individual, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: |
| | ) |
| BUREAU OF COLLECTION RECOVERY, | ) |
| LLC, a Corporation; FICTITIOUS | ) |
| DEFENDANTS A, B, and C, being that | ) |
| person, entity or individual who attempted to | ) |
| collect a debt from Plaintiff; FICTITIOUS | ) |
| DEFENDANTS D, E, and F, being that | ) |
| person, entity or individual who committed | ) |
| the wrongful acts alleged in the Complaint; | ) |
| | ) |
| DEFENDANTS. | ) |

### COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and for his Complaint against the Defendants:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.
   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

-1-

    (c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

    (d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    (e)    It is the **purpose** of this title to **eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3.    Plaintiff Allen Hughes (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama.

4.    Defendant Bureau of Collection Recovery, LLC ("BCR") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama but is not registered to do business in Alabama.

5.    Fictitious Defendants "A" through "F" (as set forth in the caption and fully incorporated herein) thereby intending to refer to the legal person, entity or individual who attempted to collect a debt from Plaintiff and who committed the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

6.    Any reference to any Defendant or to Defendant BCR also includes all Fictitious Defendants.

## FACTUAL ALLEGATIONS

7.   Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.   This debt concerns an AT&T debt for household or personal phone service.

9.   While Plaintiff[1] disputes that he owed the full amount claimed by AT&T and Defendant BCR, Plaintiff contacted AT&T to resolve this debt.

10.  Plaintiff is a disabled veteran.

11.  Plaintiff is on the waiting list for a lung transplant.

12.  Plaintiff's credit report and score are critical to him as he and his wife need to move from their current location to a new location.

13.  Plaintiff and his wife found a home to purchase and had arranged the timing so as to leave their current location and move into the new home.

14.  Plaintiff paid approximately $300.00 to AT&T on this debt and then was told by AT&T that Defendant BCR had the account and the $300.00 would be transferred to Defendant BCR.

15.  Plaintiff was told he had to deal with Defendant BCR.

16.  Plaintiff contacted Defendant BCR about payment on his account.

17.  Plaintiff informed Defendant BCR that he was in the process of buying a house and he did not need any negative item from Defendant BCR on his credit report.

---

[1] Due to Plaintiff's dire medical condition, many of the actions alleged in this Complaint were conducted by Plaintiff's wife who had full authority to conduct business for her husband and Defendant BCR agreed to communicate extensively with Plaintiff's wife.

18.  Defendant BCR informed Plaintiff that if a partial settlement was made, this would be reported to the credit bureaus.

19.  Defendant BCR stated, however, if the account was paid in full, then this would not go on Plaintiff's credit report.

20.  Defendant BCR assured Plaintiff that if the full amount was paid, and if this was already reporting on Plaintiff's credit report, it would be deleted immediately.

21.  Defendant BCR stated that after payment was received, it would make sure that this account was not appearing on Plaintiff's credit reports.

22.  Defendant BCR understood the circumstances of Plaintiff being a disabled veteran, that he was waiting on a lung transplant and had to be within a certain distance of the hospital, and the critical importance of obtaining this mortgage loan.

23.  Defendant BCR promised that there would be no negative reporting in February 2012 or any date thereafter.

24.  Based upon these promises, Plaintiff via electronic transfer paid the remaining balance that Defendant BCR claimed was owed.

25.  Whatever amount Defendant BCR claimed was owed, was paid.

26.  On or about February 22, 2012, $834.37 was paid to Defendant BCR from Plaintiff's wife's Redstone Federal Credit Union checking account.

27.  Despite the promises, Defendant BCR not only kept the account on Plaintiff's credit reports, but updated it after the payment to show a zero balance.

28.  Because this account was not removed, particularly from Plaintiff's Trans Union credit report, this lowered Plaintiff's credit score by approximately nine points.

29. Because of this lowered credit score, Plaintiff has been turned down for the mortgage loan.

30. Because Plaintiff cannot obtain the mortgage loan, Plaintiff and his wife are trying to find a place to live while hopeful that the house that they wanted to buy is not sold before Defendant BCR honors its promise to delete this item off Plaintiff's credit reports.

31. It is hard to describe the intense and immense mental anguish and emotional distress that Defendant BCR's actions have caused Plaintiff to suffer.

32. Defendant BCR has repeatedly refused to correct this situation and/or has promised to correct it and then refused to do so.

33. Defendant BCR knew the timing requirements of Plaintiff when it made its promises and representations and has willfully, maliciously, recklessly, negligently, and/or wrongfully refused to honor its representations.

34. At the time it made these representations, Defendant BCR had the present intent to not delete this account.

35. At the time it made these representations, Defendant BCR had the present intent to not delete this account as soon as it received the funds.

36. Defendant BCR knew what the impact of these lies and deception would have on Plaintiff.

37. Acting with full knowledge, Defendant BCR felt and feels no remorse for its misconduct.

38. Acting with full knowledge, Defendant BCR had no hesitation in deceiving Plaintiff.

39. Defendant BCR's actions not only harm Alabama consumers, but also put legitimate and law abiding debt collectors at a competitive disadvantage.

40.    Congress recognized this problem over 30 years ago and that is part of the reason the
        FDCPA was passed.

41.    Defendant BCR's analysis is that it enjoys a competitive advantage over honorable debt
        collectors due to its willingness to violate the law.

42.    This lawsuit seeks to change that analysis.

43.    Defendant BCR has not apologized to Plaintiff.

44.    Defendant BCR has no intention of apologizing to Plaintiff.

45.    Defendant BCR has refused to give all required disclosures under the FDCPA when
        communicating with Plaintiff.

46.    Defendant BCR is a debt collector under 15 U.S.C. § 1692a(6).

## SUMMARY

47.    All of the above-described collection communications made to Plaintiff by Defendant BCR
        and collection agents of Defendant BCR were made in violation of the FDCPA.

48.    Defendant BCR violated numerous sections of the FDCPA, including, but not limited to:
        15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11), and
        1692f.

49.    The above-detailed conduct by Defendant BCR of harassing Plaintiff in an effort to collect
        this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the
        Plaintiff.

50.    The above detailed conduct by Defendant BCR reflect their knowledge and appreciation for
        the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof
        that Defendant BCR willfully, maliciously, recklessly, and/or negligently undertook their

actions and it was successful in causing the harm to the Plaintiff that Defendant BCR wanted to cause.

51.   The collection activities by Defendant BCR and their agents caused Plaintiff stress and anguish.

52.   Defendant BCR's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

53.   Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant BCR in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant BCR.

54.   The only way that abusive debt collectors like Defendant BCR will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a punitive damage award.

55.   A punitive damage award will get the attention of Defendant BCR and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers and to gain an unfair competitive advantage over honorable, law abiding collectors.

56.   A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

## RESPONDEAT SUPERIOR LIABILITY

57.   The acts and omissions of BCR's agents who communicated with Plaintiff and others as more further described herein, were committed within the line and scope of their agency relationship with their principal Defendant BCR.

58.   The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant BCR in collecting consumer debts.

59.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant BCR.

60.   Defendant BCR is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

61.   Defendant BCR negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.   The acts and omissions of Defendant BCR and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following:  15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11), and 1692f.

64.   As a result of Defendant BCR 's violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs, from Defendant BCR.

### COUNT II.

### INVASION OF PRIVACY

65.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

66.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant BCR violated Alabama state law as described in this Complaint.

67.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

68.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

69.   Defendant BCR and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

70.   Defendant BCR and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

71.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

72.   The conduct of Defendant BCR and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant BCR which occurred in a way that would be highly offensive to a reasonable person in that position.

73.   The conduct of Defendant BCR went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

74.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant BCR.

75. All acts of Defendant BCR and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant BCR are subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

76. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

77. Defendant BCR negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

78. Had Defendant BCR hired competent debt collectors, the violations described in this Complaint would not have occurred.

79. Had Defendant BCR properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

80. Defendant BCR carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

81. Defendant BCR knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Defendant BCR.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

82. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

83. Defendant BCR owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

84. Defendant BCR owes a duty to consumers against whom it is collecting to act reasonably.

85. All of the actions described in this Complaint demonstrate that Defendant BCR did not act reasonably towards the Plaintiff.

86. Defendant BCR, by its described conduct, breached its duty to act reasonably towards Plaintiff.

87. Defendant BCR proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant BCR anticipated causing when they breached their duty to act reasonably.

88. Defendant BCR knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

89. Defendant BCR acted with full knowledge and with the design and intent to cause harm to Plaintiff.

90. Defendant BCR was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendant BCR when dealing with consumers who do not pay debts that Defendant BCR allege are owed.

91.    Defendant BCR acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

92.    Defendant BCR violated all of the duties BCR had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

93.    It was foreseeable, and BCR did in fact foresee it, the actions of the BCR would lead and did lead to the exact type of harm suffered by Plaintiff.

94.    Defendant BCR acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

95.    Defendant BCR invaded the privacy of Plaintiff as set forth in Alabama law.

96.    Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

97.    As a result of this conduct, action, and inaction of Defendant BCR, Plaintiff has suffered damage as set forth in this Complaint.

## COUNT V

## FRAUD

98.    Plaintiff realleges all paragraphs as if set out here in full.

99.    Defendant BCR represented to Plaintiff that Defendant BCR would remove the item from Plaintiff's credit reports or never report it.

100.    Plaintiff relied upon the truthfulness of Defendant BCR.

101.    This was the intent of Defendant BCR, to trick by misrepresentation and suppression, the Plaintiff into paying the full amount and Plaintiff would be vulnerable to Defendant BCR.

102. At the time of these representations, Defendant BCR had no intention of honoring these promises.

103. Defendant BCR suppressed the truth from Plaintiff as Defendant BCR knew that Plaintiff would have taken other action if the Plaintiff had known the truth.

104. The misrepresentations and suppressions concerned material facts relating to the Plaintiff buying a home.

105. The Plaintiff properly relied upon the false statements and suppressions as no one else in the world would know the mind and intent of Defendant BCR except for Defendant BCR.

106. The shock, dismay, fear, anger, embarrassment, humiliation, sense of betrayal, and outrage felt and experienced in the Plaintiff's body, mind, and heart, is difficult to describe.

107. The realization that Defendant BCR lied to Plaintiff and committed the wrongful acts described in this Complaint has caused great damage to Plaintiff.

108. All of the actions of Defendant BCR were taken in light of a deliberate plan, intent, and scheme to make the Plaintiff pay the debt.

109. All of the misrepresentations and suppressions of material fact which occurred before and after the payment of the bill were made intentionally, maliciously, recklessly, negligently, and/or innocently.

110. The Plaintiff properly relied upon all such misrepresentations and suppressions of material facts and has been damaged thereby.

111. At all times Defendant BCR had an obligation to speak truthfully and to not lie to Plaintiff and to not tell half truths to Plaintiff.

112. Defendant BCR knew at all times the devastating effect that its fraud would have upon the Plaintiff.

113. Defendant BCR has refused to apologize to the Plaintiff for its conduct.

114. Defendant BCR has refused to express, in words or deeds, any remorse or any feelings of guilt or regret for what it has done to the Plaintiff and what it is continuing to inflict upon the Plaintiff every day.

115. Plaintiff claims all damages allowable under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 facsimile
john@wattsherring.com
stan@wattsherring.com

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
Attorney for Plaintiff

-15-

Serve defendant via certified mail at the following address:

Bureau of Collection Recovery, LLC
c/o Jeffrey DeBates
7575 Corporate Way
Eden Prairie, MN 55344

ELECTRONICALLY FILED
3/9/2012 11:40 AM
01-CV-2012-900764.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ALLEN HUGHES, an individual, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NUMBER: |
| | ) |
| BUREAU OF COLLECTION | ) |
| RECOVERY, LLC,  et al., | ) |
| | ) |
| DEFENDANTS. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF BUREAU OF COLLECTION RECOVERY, LLC BY VIDEO AND/OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**    Corporate Representative of Portfolio Recovery Associates, LLC

**DATE:**    July 2, 2012

**TIME:**    10:00 a.m.

**PLACE:**    Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1.    Allegations of the Complaint.

2.    The Defendant's investigation into the claims made by Plaintiff in his Complaint;

3.    The methods, practices, techniques and strategies used by Defendant in training collection

their collection employees;

-1-

4.  The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

5.  The management, supervision, and discipline of all Defendant's and its collection employees;

6.  The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

7.  The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

8.  All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

9.  The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

10. The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

11. The phone systems of Defendant and any monitoring and recording of telephone calls;

12. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

13. The long distance telephone provider used to make calls relating to the herein account;

14. The factual basis for the Defendant's Answer;

15. The factual basis for the Defendant's defenses contained in their Answer;

16. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

17.   The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

18.   All documents produced to Plaintiff by Defendant in the course of this case.

19.   The general nature of the Defendant's businesses;

20.   The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

<u>DUCES TECUM</u>

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.   All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

-3-

3/9/2012 11:40 AM
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ALLEN HUGHES, an individual, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: |
| | ) |
| BUREAU OF COLLECTION | ) |
| RECOVERY, LLC, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

---

**PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT BUREAU OF COLLECTION RECOVERY, LLC**

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.   The date of the document;

b.   The type of document;

c.   The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.   The name of the employer or principal whom the signers, addressers and preparers were representing;

e.   The present location of the document;

f.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.   A summary of the contents of the document; and

h.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES

Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:

1.  Identify all documents, witnesses, and facts that relate to your affirmative defense of "bona fide error" under the FDCPA.

2.  Identify all documents, witnesses, and facts that relate in any way to each and every affirmative defense pled in your answer or any amendment thereto.

3.  Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff's alleged debt, by stating the following:

    a.  The name of the individual initiating communication;

    b.  The name of the person and/or description of the person to whom the communication was directed;

    c.  The date and time of the communication;

    d.  The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

    e.  A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.  Identification of all witnesses to or participants in the communication; and,

    g.  Any actions taken by any Defendant as a result of the communication.

4.  Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

5.      Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.      For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

     a.      First, last, and middle legal name;

     b.      All DBA, fake, or alias name(s) used by this person;

     c.      Job title or capacity;

     d.      Business address and telephone number;

     e.      Home address and telephone number;

     f.      Age;

7.      Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

8.      Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

     a.      First, last, and middle legal name;

     b.      All DBAs, fake, or alias name(s) used by this person;

     c.      Job title or capacity;

     d.      Business address and telephone number;

     e.      Home address and telephone number;

     f.      Age;

     g.      State the general substance of each person's knowledge.

9. Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

   a. The training content, timing, and duration;

   b. All documents and audio or visual materials used in such training; and

   c. Each person involved in providing such training.

10. Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

11. Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

12. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with any person in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records.

13. Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

14. Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

15. Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

7

16.     In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was originated, referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

17.     Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider.

18.     Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider.

19.     Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiff.

20.     Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

8

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Alabama Rules of Civil Procedure, Plaintiff requests that Defendant produce within thirty (30) days, the documents described herein and permit Plaintiffs and their attorneys to inspect and copy such documents as they may desire:

1.    Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements. Any and all documents relating in any manner to your affirmative defense of bona fide error.

2.    Any and all documents relating to any affirmative defense.

3.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the following areas:

     a.    Collection policies;

     b.    Collection procedures;

     c.    Collection methods;

     d.    Collection techniques;

     e.    Collection tactics;

     f.    Collection rules;

     g.    Collection regulations; and

     h.    Compliance with local, state, or federal laws, codes, or regulations.

4.    Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants.

5.   Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities.

6.   Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff or Plaintiff's wife.

7.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiff resides. Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit. Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

a.   Records of all inbound or outbound telephone calls, to or from any Plaintiff;

10

    b.      Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.      Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

8.     Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

9.     A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

10.    Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

11.    Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

<u>REQUEST FOR PRODUCTION OF STATEMENTS</u>

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff demands that copies of the following be made available within thirty (30) days:

1.     All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter.

11

## REQUEST FOR ADMISSIONS

Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:

1.    The debt being collected is a consumer debt as defined by the FDCPA.

2.    You are a "debt collector" as defined by the FDCPA in regards to your collection efforts against Plaintiff.

3.    You understand you cannot make any misrepresentation to the Plaintiff in your debt collection activities.

4.    BCR told Plaintiff they would remove the debt from his credit report if he paid the balance in full.

5.    BCR never intended to remove the debt from Plaintiff's credit report.

6.    BCR lied to Plaintiff to get Plaintiff to pay the debt.

7.    BCR has not apologized to Plaintiff.

8.    BCR has no intention of apologizing to Plaintiff.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Attorneys for Plaintiff

OF COUNSEL:
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

## SERVE WITH THE SUMMONS AND COMPLAINT

12

| State of Alabama | SUMMONS | Case Number |
|---|---|---|
| Unified Judicial System | - CIVIL - | 01-CV-2012-900764.00 |
| Form C-34  Rev 6/88 | | |

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
ALLEN HUGHES V. BUREAU OF COLLECTION RECOVERY, LLC

**NOTICE TO:** BUREAU OF COLLECTION RECOVERY, LLC, C/O JEFFREY DEBATES 7575 CORPORATE WAY, EDEN PRAIRIE, MN 55344

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ALLEN HUGHES
    pursuant to the Alabama Rules of the Civil Procedure

| 3/9/2012 11:40:17 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____    _____
Date    Server's Signature

### 01-CV-2012-900764.00
ALLEN HUGHES V. BUREAU OF COLLECTION RECOVERY, LLC

| C001 - ALLEN HUGHES | v. | D001 - BUREAU OF COLLECTION RECOVERY, LLC |
|---|---|---|
| Plaintiff | | Defendant |

01-CV-2012-900764.00 D001

# SERVICE RETURN